**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4487**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DANA NIDA,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge. (2:10-cr-00046-1)

───────────

Submitted:  November 28, 2011      Decided:  December 14, 2011

───────────

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Barry P. Beck, POWER, BECK, & MATZUREFF, Martinsburg, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Nida was convicted, following a jury trial, of conspiracy to distribute cocaine and cocaine base, distribution of cocaine base, possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession of a firearm. He appeals, arguing that the district court erred in denying his motion to suppress his custodial statement. We affirm.

Surveilling narcotics officers having developed probable cause to believe that Nida was using and selling crack cocaine in his residence, they attempted to arrest him when he stepped outside. When he retreated into the residence, the detectives forcibly entered the residence and placed Nida under arrest. Nida had initially refused to speak to the police as they approached and before he retreated into the residence.

After Nida was arrested, he was taken to the police station and advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Nida signed a waiver of these rights, acknowledging his understanding of them and his willingness to speak with the arresting officer. During the interview that followed, Nida admitted that he had purchased cocaine, cooked some powder cocaine into crack cocaine, traded crack for Hydrocodone pills, and possessed a firearm. At no time during this interview did Nida state that he no longer

2

wished to speak with the officer or otherwise give any indication that he did not want to answer the officer's questions. Under these circumstances, even assuming that Nida validly invoked his right to silence before he was physically apprehended after retreating into his residence, we conclude that the district court did not err in denying the motion to suppress. See Michigan v. Mosley, 423 U.S. 96, 106 (1975) (providing factors to consider in determining whether an accused has waived the right to remain silent, which he previously asserted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3